**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, and JANE DOE 5,<br><br>                           Plaintiffs,<br><br>              v.<br><br>FREDERIC FEKKAI, FREDERIC FEKKAI & CO., LLC, FREDERIC FEKKAI NEW YORK, LLC, FREDERIC FEKKAI NY II, LLC, FREDERIC FEKKAI (MARK NY), LLC, and FEKKAI RETAIL, LLC,<br>                           Defendants. | Case No. 1:26-cv-4717<br><br>**NOTICE OF REMOVAL**<br><br>Removed from the Supreme Court of the State of New York, in and for the County of New York<br><br>Index No. 156687/2026 |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT Defendant Frederic Fekkai, by and through his attorneys, Perry Law PLLC, hereby removes the above-captioned action from the Supreme Court of the State of New York, New York County, Index No. 156687/2026, to the United States District Court for the Southern District of New York under 28 U.S.C. §§ 1332, 1441, and 1446. This Court has diversity jurisdiction under 28 U.S.C. § 1332, because the real parties in interest are completely diverse and the others are fraudulently joined.

**I.   Background**

1.      On May 27, 2026, Jane Does 1–5 ("Plaintiffs," none of whom is a Connecticut domiciliary) filed a Verified Complaint in the Supreme Court of the State of New York, County of New York, Index No. 156687/2026 (Appendix A). The Complaint asserts a single cause of action

for "enabling" gender-motivated violence under New York City's Victims of Gender Motivated Violence Protection Law ("VGMVPL"), NYC Admin Code § 10-1101 *et seq*.

2.      The Complaint's theory of the case does not pass the laugh test. It says that Frederic Fekkai, a Connecticut domiciliary, somehow "enabled" Jeffrey Epstein's gender-motivated violence against the five unnamed Does, who were purportedly among the tens of thousands of people "groomed" in salons that bore Mr. Fekkai's name, decades ago.[1] Of course, haircutting is not the kind of grooming that New York City law forbids.

3.      Along with Mr. Fekkai himself, the Complaint names five LLCs as co-defendants. Each named LLC bears some version of Mr. Fekkai's name, and each is fraudulently joined to defeat diversity jurisdiction.

4.      Mr. Fekkai files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and incorporates by reference the exhibits attached hereto.

## II.  The Real Parties Are Completely Diverse and the Damages Pled Exceed $75,000

5.      This Court has jurisdiction because Mr. Fekkai, the only real defendant here, is completely diverse from all five plaintiffs, and the amount in controversy exceeds $75,000.

6.      The Complaint alleges that the five plaintiffs are residents of New York, Idaho, Montana, and Rhode Island. Complaint ¶¶ 13–17. On information and belief, based on extensive public records searches and on publicly-filed documents, each is also a domiciliary of her respective state of residence. More importantly for these purposes: no Plaintiff is a domiciliary of

---

[1] In 2005, the flagship salon bearing Mr. Fekkai's name was serving 36,000 customers every year; together, his salons across the country served 1,500 customers a day. The Complaint does not allege that Mr. Fekkai personally cut Plaintiffs' hair, or that he even knew Plaintiffs were customers. It never pleads a single fact showing that Mr. Fekkai knew anything about Mr. Epstein's crimes—and it couldn't, because Mr. Fekkai didn't. The Complaint's allegations are legally meritless. They are also sanctionably, scandalously, and provably false: Mr. Fekkai never has—and never would—perpetrate or enable gender-motivated violence. But he recognizes that this is not the time for those arguments, and sets them aside for this filing.

the state of Connecticut. Public records searches show no indication that any Plaintiff has ever lived in Connecticut.

7.      The Complaint flatly and provably misstates Mr. Fekkai's domicile. It claims that "all defendants are domiciled in New York County in the City of New York, New York." *Id*. at ¶ 11; *see, e.g.*, *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (courts need not accept subject matter jurisdiction allegations as true, but may look at "evidence outside the pleadings" to determine jurisdiction).

8.      In fact, Mr. Fekkai is domiciled in Connecticut—which Plaintiffs know, because that is where they effected domiciliary service on him.

9.      Since 2022, Mr. Fekkai's primary residence has been in Connecticut, at the address given in Plaintiffs' summons. He spends the huge majority of the year there. He pays Connecticut state income taxes. His children go to school in Connecticut; he has a Connecticut driver's license; and he is registered to vote in Connecticut. He plans to stay in Connecticut. Meanwhile, contrary to the Complaint's false jurisdictional claims, Complaint at ¶ 18, Mr. Fekkai keeps no business office anywhere in New York and owns no residence there. *See* Exhibit D, Declaration of Frederic Fekkai at ¶¶ 2–12.

10.     Although the Complaint "does not 'specify the particular amount of damages sought,'" courts look to "the facts alleged in the complaint… to determine whether 'it appears to a reasonable probability' that the jurisdictional amount has been reached." *Robinson v. Berkshire Life Ins. Co. of Am.*, 2019 WL 1614831, at *2 (S.D.N.Y. Apr. 16, 2019) (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). The Complaint asserts liability for gender-motivated violence against five separate plaintiffs. There is a reasonable probability that, if there

were liability here, the compensatory, punitive, and exemplary damages would exceed the $75,000 jurisdictional minimum.

### III. The LLCs Are Fraudulently Joined

#### A. Legal Standard

11. Diversity means complete diversity, but "[a] plaintiff may not destroy a federal court's diversity jurisdiction and a defendant's right to removal by joining non-diverse, nominal parties with no discernible relationship to the cause of action." *Trumps v. Harley of New York Assocs.*, No. 94 CIV. 7080 (CSH), 1995 WL 656983, at *2 (S.D.N.Y. Nov. 8, 1995).

12. Courts in this Circuit find fraudulent joinder where "there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998).

13. To determine whether a plaintiff can state a cause of action against non-diverse defendants, courts ask whether, if the complaint's allegations were true, there could be any recovery against the fraudulently-joined defendants "under the law of the state on the cause alleged." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001) (cleaned up); *and see, e.g.*, *Segal v. Firtash*, No. 13-CV-7818, 2014 WL 4470426, at *4 (S.D.N.Y. Sept. 9, 2014) ("To determine whether a party has been fraudulently joined, district courts must look to the pleadings at the time of removal."); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 280 (S.D.N.Y. 2001) (When defendants allege fraudulent joinder, "the Court must consider the state law upon which the claim rests and then determine only whether there is a reasonable possibility that the relevant state's highest court would rule in favor of the plaintiff were the issue presented to it.").

#### B. The Complaint States No Possible Cause of Action Against the LLC Defendants

14. The Complaint names five LLCs, which it treats as an undifferentiated mass, pleading no facts that distinguish any of the LLCs from the others. It does not identify any of the LLCs' members or management. It does not say when each LLC was created, or when (or whether) it was dissolved. It does not say what any of those LLCs is (was), owns (owned), does (did).

15. The Complaint also does not plead the citizenship of the LLCs for diversity purposes—that is, the Complaint does not say the citizenship of the LLCs' members. But their citizenship is immaterial here because the LLCs were fraudulently joined.

16. The Complaint pleads the same boilerplate for each LLC. Each, it claims, "was and is a corporation duly organized and existing under and by the laws of the State of New York, and its agents, servants, and/or employees were in charge of and controlled, supervised, operated, inspected, managed, and maintained hair salons across the Manhattan borough in New York, New York." Complaint at ¶¶ 20–24.

17. That boilerplate is provably wrong. Public records, which Plaintiffs could easily have viewed before filing, show that three of the LLCs (Frederic Fekkai & Co., LLC, Frederic Fekkai NY II, LLC, and Frederic Fekkai (Mark NY) LLC), are in fact incorporated in Delaware; only the other two (Fekkai Retail, LLC and Frederic Fekkai New York, LLC) are incorporated in New York. *See* Appendix C. The same public filings show that two of the LLCs—Frederic Fekkai (Mark NY) and Fekkai Retail—were created after any date on which Plaintiffs appear to claim wrongdoing.[2] The latest year mentioned in the Complaint is 2007; public records show Frederic Fekkai (Mark NY), LLC was created in 2008 and Fekkai Retail, LLC was created in 2015. And one of the Plaintiffs, Jane Doe 4, claims wrongdoing that occurred in 2001, Complaint at ¶ 32,

---

[2] The Complaint only gives years in and about which the Plaintiffs were first sexually abused by Jeffrey Epstein—ranging from 2001 to 2007, Complaint at ¶ 29–33—but it gives no actual events, let alone dates for those events, that involved the LLCs in any way.

before the oldest of the LLCs—Frederic Fekkai & Co. and Frederic Fekkai New York—were incorporated, in 2003. *See* Appendix C.

18.     So, at the outset, and even before getting to the allegations of fact, liability is impossible for at least two of the LLCs against any plaintiff—and at least one of the plaintiffs against any LLC. These basic pleading mistakes go to the question of whether Plaintiffs care at all about the LLCs—or whether, instead, they are just named to defeat federal jurisdiction.

19.     The Complaint can't decide, or doesn't know, what role the LLCs played in the nebulous haircutting scheme.[3] Either way, it won't say. It pleads two incompatible theories. The first is that Mr. Fekkai "used" each LLC "to enable Epstein's acts of gender-motivated violence against Plaintiffs." Complaint at ¶ 28. On this theory, each LLC is Mr. Fekkai's alter ego and entirely controlled by him: "At all times mentioned herein, defendant FREDERIC FEKKAI controlled, owned, managed, and/or operated the defendant Entities." *Id*. at ¶ 25. The second theory is the exact opposite: that Mr. Fekkai was "within the scope of employment" as the "servant" of each LLC. *Id*. at ¶¶ 26–27.

20.     Neither theory of LLC liability can succeed because the Complaint does not plead facts that, if true, show any LLC was ever "used" to enable any violence against any plaintiff or ever directed Mr. Fekkai to do anything. The second liability theory necessarily fails for an additional reason: under New York law, the LLCs could never be responsible respondeat superior for an employee's VGMVPL "enabling" tort.

### C.  The Complaint Does Not Properly Plead That Any Plaintiff Was Subjected to Gender-Motivated Violence

---

[3] The Complaint does not actually allege a single Plaintiff had a single haircut at a Fekkai studio, instead preferring the more vague and sinister word, "grooming." Complaint at ¶¶ 3, 5, 34.

21.    There is a gaping hole at the center of this Complaint. The LLCs could not possibly be liable here because even Epstein himself—for all his crimes—could not possibly be liable to these Plaintiffs on this Complaint.

22.    For anyone to have enabled gender-motivated violence, someone has to have committed gender-motivated violence. But this Complaint pleads no facts showing violence of any kind. *See, e.g.*, *Nabatkhorian v. Nabatkhorian*, 127 A.D.3d 1043, 1043 (2015) (where complaint fails to allege elements of underlying tort, it cannot sustain an action for aiding and abetting liability); *Kirschner v. Bennett*, 648 F. Supp. 2d 525, 537 (S.D.N.Y. 2009) ("because [the complaint alleges] no underlying fiduciary duty, [Defendants] could not have aided and abetted the breach of such a relationship").

23.    Look at the Complaint's five-paragraph "Factual History" section, which contains neither facts nor history. The Complaint pleads, in identical boilerplate, that Jeffrey Epstein "committed gender-motivated violence" against each Plaintiff, "as enabled by Defendants." Complaint at ¶¶ 29–33. That pure legal conclusion is all the Complaint has to offer. "[A]llegations consisting of bare legal conclusions… are not entitled to" the benefits of New York's pleading standard. *Simkin v. Blank*, 19 N.Y.3d 46, 52 (2012).

24.    The Complaint does not allege what Epstein supposedly did, to which Plaintiff, and when—and much less does it say what the LLCs (or Mr. Fekkai, for that matter) had to do with it. Nobody contests, of course, that Jeffrey Epstein committed many tortious acts and crimes, against many people. But nothing in this Complaint pleads facts that, if true, show those acts and those people included Plaintiffs. And because the Complaint does not properly plead that Plaintiffs were victimized, it cannot show that the LLCs (or Mr. Fekkai, although that can await a motion to dismiss) have any possible enabling liability.

**D. The Complaint Does Not Plead any Enabling Action by any LLC Against any Plaintiff**

25.    The Complaint does not contain a single factual allegation against any LLC defendant (or Mr. Fekkai, for that matter) that would support liability in a New York court.

26.    To state a claim in a New York court, a complaint must plead facts with sufficient particularity "to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." C.P.L.R. § 3013. Bare legal conclusions with no factual specificity are insufficient. *See Shanahan v. Kolmar Lab'ys, Inc.*, No. 18-CV-8317, 2019 WL 935164, at *1 (S.D.N.Y. Feb. 26, 2019) (quoting Siegel, N.Y. Prac. § 208 (6th ed. 2018)) ("[T]he New York pleading standard is satisfied if a complaint gives 'notice of the event out of which the grievance arises' and 'cover[s] the substantive material elements that make up the particular cause of action relied on.' "). A complaint must plead facts that, if true, would show a particular defendant caused a particular harm to a particular plaintiff. "The allegations of [a] pleading cannot be vague and conclusory, but must contain sufficiently particularized allegations from which a cognizable cause of action reasonably could be found." *Lam v. Weiss*, 219 A.D.3d 713, 715 (2d Dep't 2023).

27.    But the Complaint has no "particularized allegations" about the LLC defendants. The Complaint just alleges—again and again—that the LLC defendants—never alone, and always alongside Mr. Fekkai—"enabled" Jeffrey Epstein's abuse. Complaint at ¶¶ 1, 2, 31–34. There is not a single "event out of which the grievance arises" described in the entire Complaint for any specific plaintiff—and certainly no explanation of how the LLCs contributed to that "grievance."

28.    In the entire Complaint, only one paragraph gestures at something perhaps less vague than the word "enable"—paragraph 34—but there is nothing "particularized" about its unsupported conclusions. The Complaint claims that Fekkai and the LLC defendants "act[ed] as

8

the fundamental 'perks machine' on behalf of Epstein"—and does not explain what a "perks machine" might be, let alone who might have received any perks, or how that would have related to the Plaintiffs or to any sexual abuse, or what role the LLCs played in all this. These generalizations continue: Defendants' "furnish[ed] Epstein with premises… groom[ed], styl[ed], and alter[ed] the physical appearance of Plaintiffs… provided Epstein with a business location… facilitated Epstein's recruitment of women and children, including Plaintiffs… and provid[ed] other grooming services… and… profit[ed] from Epstein's acts of gender-motivated violence against Plaintiffs." Complaint at ¶ 34.

29.     Not one of these allegations is specific or particularized to any LLC or any Plaintiff. A jury confronted with these "facts" could not possibly fill out a verdict form specifying that any LLC enabled any particular act against any particular Plaintiff. Nor does the Complaint try to explain how any of its allegations constitute "enabling" for the purposes of NYC Admin. Code § 10-1104. There are no facts from which a court or jury could draw "any cognizable legal theory." *Leon v. Martinez*, 84 N.Y.2d 83, 88 (1994).

### E.  The LLCs Could Never Be Found Liable Under a Respondeat Superior Theory

30.     Plaintiffs' first liability theory could never succeed because they do not plead specific facts showing that any LLC was ever "used" to take any action against any plaintiff that enabled any violence. Their second theory fails for a separate and additional reason: there can never be respondeat superior liability for a VGMVPL tort under New York law.

31.     Under bright-line Court of Appeals precedent, torts of sexual violence perpetrated by employees are always outside the scope of employment. *N.X. v. Cabrini Medical Center*, 97 N.Y.2d 247, 252–53 (2002). The Second Circuit has confirmed the rule: "New York courts consistently have held that sexual misconduct and related tortious behavior arise from personal

motives and do not further an employer's business, even when committed within the employment context." *Swarna v. Al-Awadi*, 622 F.3d 123, 144–45 (2d Cir. 2010) (citing *Ross v. Mitsui Fudosan, Inc.,* 2 F. Supp. 2d 522, 531 (S.D.N.Y. 1998)). So have the courts of this District. *See, e.g., Doe v. Alsaud*, 12 F. Supp. 3d 674, 677 (S.D.N.Y. 2014) ("No decision in New York has been cited to date in which the doctrine of respondeat superior was held to apply to sexual assault."). And the rule extends to the VGMVPL. *See Doe v. Sweet Green, Inc.*, No. 504820/2024, 2026 WL 661619, at *5 (N.Y. Sup. Ct. Mar. 03, 2026) (in VGMVPL claim, "New York courts have consistently held that sexual assault and rape are outside of the scope of employment and as a result employers cannot be held vicariously liable" under a respondeat superior theory).

## IV. This Case Meets the Procedural Requirements for Removal

32.     Removal is timely. Service on Mr. Fekkai was effected on May 28, 2026—the day after the case was filed in Supreme Court. The 30-day removal period extends until June 27, 2026. 28 U.S.C. § 1446(b)(1); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (the thirty-day removal clock runs from "formal service" but a defendant "in possession of the summons and complaint" may remove before the clock begins).

33.     This Court is the proper venue because it is the federal district embracing the New York County Supreme Court, where the Complaint was filed and is pending. 28 U.S.C. § 1446(a).

34.     As required by 28 U.S.C. § 1446(a), the Complaint is attached here as Exhibit A, copies of all of the process, pleadings, and orders filed in the Action are attached here as Exhibit B.

35.     True and accurate copies of recent public record requests for the registration status of the five LLC defendants are attached as Exhibit C.

36.     A Declaration of Frederic Fekkai is attached as Exhibit D.

37.     Mr. Fekkai is apparently the only Defendant who has been served here. *See* Exhibit B, NYSCEF Docket. So the LLCs could not have joined this notice of removal. 28 U.S.C. § 1446(b); *see also Barnes v. Cathers & Dembrosky*, No. 02 CV 5296 (RO), 2003 WL 22928640, at *2 (S.D.N.Y. Dec. 10, 2003) ("a defendant who has not yet been served is not required to join in the notice of removal."). Nevertheless, their participation—and service on them—is immaterial, because they are fraudulently joined.

38.     As required by 28 U.S.C. § 1446(d), written notice of this Notice of Removal will be promptly provided to Plaintiffs and filed with the Clerk of the Supreme Court of the State of New York in and for the County of New York.

39.     No previous application has been made for the relief requested in this Notice of Removal.

40.     By filing this notice of removal, Mr. Fekkai does not waive any defenses, claims, arguments, or rights of any kind, including, without limitation, defenses for failure to state a claim, improper venue, improper service, or lack of personal jurisdiction.[4]

---

[4] There are insurmountable legal barriers to the Complaint's hallucinatory theory. Among those: The VGMVPL's enabling provision cannot apply retroactively to conduct alleged to have occurred before its passage. *S.S. v. Rockefeller Univ. Hosp.*, 239 A.D.3d 424, 425 (2025), *leave to appeal denied,* 45 N.Y.3d 901 (2026). The VGMVPL's relevant provisions are preempted by state law. *Parker v. Alexander*, 779 F. Supp. 3d 361, 369 (S.D.N.Y. 2025) (Kaplan, J.); *certified by New York Court of Appeals*, 43 N.Y.3d 451 (2026).

The Complaint also has incurable Rule 8 and Rule 12(b)(6) defects. It is fatally vague under Rule 8, which "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). And, even if the VGMVPL somehow applied here, the alleged categories of conduct enumerated—the Complaint doesn't allege any specific acts, only types of behavior—could not possibly add up to any reasonable definition of "enabling." *See, e.g.*, *Hanly v. Powell Goldstein, L.L.P.*, 290 F. App'x 435, 440 (2d Cir. 2008) ("Instead of alleging, for instance, what words were spoken or what actions were taken by [Defendant] to assist or encourage [tortfeasor], the amended complaint asserts conclusions about how certain unspecified actions should be interpreted or labeled—that is, that these indeterminate acts meet the legal standard of 'aiding and abetting' or qualify as 'substantial assistance.' Merely reciting labels does not satisfy Rule 8(a)(2).") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint also fails to state a claim under which relief can be granted, because it does not tie Mr. Fekkai, or anyone else, to any specific tortious action. *Roberts v. City of New York*, No. 14-CV-5198 (GHW), 2016 WL 4146135, at *7 (S.D.N.Y. Aug. 2, 2016) ("A complaint that fails to allege how a specific defendant violated the law or injured the plaintiff should be dismissed."). And of course, most of the few actual allegations of fact in the Complaint are provably and sanctionably false.

## V. Conclusion

41.     WHEREFORE, Frederic Fekkai hereby removes this action to the United States District Court for the Southern District of New York from the Supreme Court of the State of New York in and for the County of New York. If any question arises as to the propriety of this removal, Mr. Fekkai respectfully requests the opportunity for full briefing and oral argument in support of removal.

Respectfully submitted,

Dated: New York, New York          /s/ Joshua Perry
        June 4, 2026           By:  PERRY LAW
                                    Joshua Perry
                                    E. Danya Perry
                                    445 Park Avenue, 7th Floor
                                    New York, NY 10022
                                    (212) 251-2619
                                    jperry@danyaperrylaw.com

                                    *Counsel for Frederic Fekkai*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2026, I caused a true and correct copy of the foregoing

Notice of Removal to be served by U.S. Mail upon the following counsel for Plaintiffs.

> Jordan K. Merson
> Jennifer C. Plotkin
> Noah M. Werksman
> 950 Third Avenue
> New York, New York 10022
> Tel.: (212) 603-9100

In addition, the undersigned caused a copy of the foregoing to be served via U.S. Mail upon

the following Defendants:

> Frederic Fekkai & Co LLC
> c/o National Registered Agents, Inc.
> 1209 Orange Street
> Wilmington, DE 19801
>
> Frederic Fekkai New York LLC
> c/o National Registered Agents, Inc.
> 28 Liberty St.
> New York, NY 10005
>
> Frederic Fekkai NY II LLC
> c/o National Registered Agents, Inc.
> 1209 Orange Street
> Wilmington, DE 19801
>
> Frederic Fekkai (Mark NY) LLC
> c/o National Registered Agents, Inc.
> 1209 Orange Street
> Wilmington, DE 19801
>
> Fekkai Retail LLC
> c/o National Registered Agents, Inc.
> 28 Liberty St.
> New York, NY 10005

13

Respectfully submitted,

Dated: New York, New York
      June 4, 2026

        */s/ Joshua Perry*

By:  PERRY LAW
     Joshua Perry
     E. Danya Perry
     445 Park Avenue, 7th Floor
     New York, NY 10022
     (212) 251-2619
     jperry@danyaperrylaw.com

     *Counsel for Frederic Fekkai*